UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-439-MOC
(3:02-cr-156-MOC-1)

| | |
|---|---|
| **JAMES E. MCLEAN, JR.,** )<br>)<br>**Petitioner,** )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>**Respondent.** )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on *pro se* Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Doc. No. 1).

I. BACKGROUND

Petitioner was found guilty by a jury in a mortgage fraud conspiracy of a total of 66 counts including: conspiracy to defraud the United States; wire fraud and aiding and abetting the same; making false statements to a government agency and aiding and abetting the same; making and causing to be made false entries on the HUD forms 11710-D and aiding and abetting the same; making and passing false statements and counterfeit notes to HUD and aiding and abetting the same; bank fraud and aiding and abetting the same; and money laundering with intent to promote specified unlawful activities and aiding and abetting the same. He was sentenced to a total of 252 months' imprisonment followed by a total of five years of supervised release. (3:02-cr-156 ("CR") Doc. No. 221). On direct appeal, the Fourth Circuit affirmed Petitioner's convictions but remanded for resentencing. United States v. McLean, 131 F. App'x 34 (4th Cir. 2005). The Court re-imposed the same sentence on remand. (CR Doc. No. 324). The Fourth Circuit affirmed,

1

United States v. McLean, 192 F. App'x 234 (4th Cir. 2006), and the United States Supreme Court denied certiorari, McLean v. United States, 127 S. Ct. 3051 (2007).

Petitioner filed a petition pursuant to 28 U.S.C. § 2255, case number 3:07-cv-331-MR, raising numerous claims including that counsel was ineffective for failing to argue that Petitioner was legally innocent of the money laundering offenses in Counts (55)-(66) pursuant to United States v. Santos, 553 U.S. 507 (2008).[1] The Court denied the claim, finding that counsel was not ineffective for failing to anticipate Santos and that Petitioner's mortgage fraud conspiracy was not the type of illegal activity at issue in Santos, which dealt with gambling enterprises.[2] The Court alternatively denied the Santos claim on the merits as follows:

> [E]ven if Santos did apply to mortgage fraud schemes, the Government produced ample evidence of both receipts generated from the scheme that were used to promote further unlawful activity and profits used for the personal expenses of the Petitioner, his family, and friends. Therefore, the Petitioner was properly convicted of money laundering, and he has not established deficiency in counsel's performance or prejudice in connection with his ineffective assistance of counsel claim.

McLean v. United States, 2011 WL 148313, at *27 (W.D.N.C. Jan. 18, 2011).

The Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal. United States v. McLean, 437 F. App'x 207 (4th Cir. 2011).

---

[1] The Santos claim was not included in Petitioner's original § 2255 but he was granted leave to amend and added that claim.

[2] In Santos, the Supreme Court addressed whether "proceeds" in the federal money laundering statute, 18 U.S.C. § 1956(a)(1), means the "receipts" or "profits" of a crime. 553 U.S. 507 (2008). A plurality of the Court adopted the "profits" definition under the rule of lenity. Id. at 514. The plurality further noted that the "receipts" interpretation would create a merger problem for statutes such as the illegal gambling statute, 18 U.S.C. § 1955, that was at issue in Santos. The Fourth Circuit initially interpreted Santos narrowly as applying only where illegal gambling constituted the predicate for a money laundering conviction. See United States v. Howard, 309 F. App'x 760 (4th Cir. 2009); United States v. Halstead, 634 F.3d 270 (4th Cir. 2011). However, in United States v. Cloud, 680 F.3d 396 (4th Cir. 2012), the Fourth Circuit found that Santos' merger problem does apply to a defendant's money laundering counts that related to a mortgage fraud conspiracy. The Fourth Circuit defined "proceeds" as "profits" in Cloud and reversed the defendant's money laundering convictions.

Petitioner then filed a § 2241 federal habeas petition pursuant to the § 2255(e) savings clause in the Eastern District of Kentucky where he was incarcerated at the time. He argued, *inter alia*, that his convictions for numerous substantive offenses such as wire and bank fraud, making false statements, money laundering, and conspiracy to commit each of these substantive offenses creates a merger problem of the type recognized in Santos, and that he is actually innocent of money laundering because the "proceeds" refers to "profits" rather than "receipts." The Kentucky district court denied the petition. McLean v. Holland, 2012 WL 5878681 (E.D. Ky. Nov. 21, 2012). It found that Petitioner's duplicity argument – that he could not be convicted of both the substantive offenses and conspiracy – was not truly based on Santos but could and should have been asserted at trial, on direct appeal, or in his § 2255 proceedings and is not cognizable on § 2241 review. With regards to the Santos actual innocence claim, the Kentucky district court found that Petitioner failed to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. The Court noted that Petitioner was allowed to amend his § 2255 after Santos was decided, and he brought a Santos-based claim that was denied legally and factually and affirmed on appeal, and § 2241 cannot be used for a second bite at the apple. Further, the Kentucky court noted that this Court, in denying § 2255 relief, made factual findings that the evidence at trial established that Petitioner had used the proceeds from his mortgage scheme not merely to pay expenses and its other participants, but also to engage in new and further criminal activity and for his own personal expenditures.

Petitioner appealed to the Sixth Circuit, arguing that the Kentucky district court erred in finding that his petition did not satisfy the savings clause and that this Court's narrow construction of Santos in the § 2255 proceeding was erroneous in light of United States v. Cloud, 680 F.3d 396 (4th Cir. 2012), which applied Santos in the context of a mortgage fraud conspiracy. The Sixth

Circuit affirmed the Kentucky district court's dismissal of the § 2241 petition because Petitioner had failed to demonstrate that § 2255 was an inadequate or ineffective remedy. McLean v. Holland, No. 12-6526 (6th Cir. Sept. 23, 2013). The Sixth Circuit further noted that Petitioner had been allowed to add the Santos claim to his § 2255 petition in this Court and that he could not establish actual innocence based on Santos because this Court properly determined in the § 2255 proceedings that Petitioner used the proceeds from the fraudulent mortgage scheme to engage in a new criminal scheme and for his own personal expenditures.

Petitioner filed a second § 2241 petition in South Carolina district court in which he raised essentially the same Santos and Cloud claims that he raised in his § 2241 appeal before the Sixth Circuit. The South Carolina district court dismissed the § 2241 petition as successive, McLean v. Warden, FCI Estill, 2014 WL 4954882 (D.S.C. Sept. 30, 2014), the Fourth Circuit affirmed, McLean v. Warden, FCI Estill, 599 F. App'x 78 (4th Cir. 2015), and the United States Supreme Court denied certiorari, McLean v. Mansukhani, 136 S. Ct. 377 (2015).

Petitioner filed a third § 2241 petition in the District of South Carolina in which he argued that he is actually innocent of the money laundering charge pursuant to Cloud and Santos, that none of the appellate courts adjudicated his Santos-Cloud claim on the merits, and stated his disagreement with the Fourth and Sixth Circuit's rulings. The South Carolina district court dismissed the § 2241 habeas petition without prejudice, McLean v. Warden, FCI Estill, 2017 WL 3783128 (D.S.C. Aug. 31, 2017), and the Fourth Circuit affirmed. McLean v. Warden, FCI Estill, 711 F. App'x 146 (4th Cir. 2018).

Petitioner then filed in the Fourth Circuit an application for authorization to file a second or successive § 2255 petition based on Santos and Cloud, which was denied on March 27, 2018, Fourth Circuit Case No. 18-142.

4

Undeterred, Petitioner has now filed yet another § 2241 petition seeking to raise his Santos and Cloud claims under the § 2255(e) savings clause. He argues that Santos and Cloud represent a substantive change in the law that decriminalized his money laundering convictions and, therefore, he is actually innocent of those offenses. He contends that no other court has previously adjudicated these claims on the merits.

## II. DISCUSSION

The legality of a conviction or sentence must typically be challenged under 28 U.S.C. § 2255. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or sentence by filing petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 if he demonstrates that that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*).

Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328 (4th Cir. 2000); see also United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (setting forth the criteria to demonstrate that § 2255 is inadequate or ineffective to test the legality of a sentence).

Section 2255 is "not rendered inadequate or ineffective merely because ... an individual is procedurally barred from filing a [section] 2255 motion." Vial, 115 F.3d at 1194 n.5. If a § 2241 petition does not fall within the scope of section 2255(e)'s savings clause, the district court must dismiss the "unauthorized habeas motion ... for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802,

807 (4th Cir. 2010) (*per curiam*); see Wheeler, 886 F.3d at 423-25 (affirming that the requirements of the savings clause are jurisdictional). The petitioner has the burden of showing the inadequacy or ineffectiveness of § 2255. Hood v. United States, 13 F. App'x 72 (4th Cir. 2001) (unpublished). A prisoner may pursue § 2241 relief only if he was denied an opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law. Rice, 617 F.3d at 807. However, where a prisoner "had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change," a § 2241 motion is not an available course of action. Id.

Further, 28 § 2244(a) provides that:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

Section 2244(a) thus permits courts to dismiss § 2241 petitions when they raise claims that have already been decided on the merits in a prior § 2241 petition. See Queen v. Miner, 530 F.3d 253 (3d Cir. 2008) (dismissing as successive a § 2241 petition challenging a finding that he was guilty of an institutional infraction that had been previously denied in an earlier § 2241 petition); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348 (11th Cir. 2008) (dismissing a § 2241 petition where the petitioner had previously raised the same grounds in a § 2241 petition that was denied on the merits); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) ("§ 2244(a) bars successive petitions under § 2241 directed to the same issues concerning execution of a sentence"); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (dismissing jail credit claim brought in earlier § 2241 petition).

As a preliminary matter, the Court must determine whether this action is properly before it. Unlike a § 2255 petition, which is filed in the sentencing court, a § 2241 petition may be granted

"by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241(a)'s reference to the courts' "respective jurisdictions" does not refer to the subject-matter jurisdiction of the district court. Rumsfeld v. Padilla, 542 U.S. 426, 434 n.7 (2004)). Rather, "the question of the proper location for a habeas petition is best understood as a question of personal jurisdiction or venue." Id. at 451 (Kennedy, J., concurring). And unlike subject-matter jurisdiction, the language in § 2241(a) is waived if it is not timely asserted. Kanai v. McHugh, 638 F.3d 251, 257 (4th Cir. 2011).

Petitioner asserts that he is presently on home confinement in Charlotte, (Doc. No. 1-1 at 10-11), and the federal Bureau of Prisons' website indicates that Petitioner's location is the RRM Raleigh Residential Reentry Office in Butner, North Carolina, with an anticipated release date of October 13, 2020.³ Although it appears that Petitioner's custodian is located in the Eastern District of North Carolina, the § 2241 petition is appropriately before the Court at this time. See Hill v. Quintana, 2019 WL 1934892 (4th Cir. 2019) (mem.) (unpublished) (finding that *sua sponte* dismissal on the basis of improper venue is improper, but affirming on the alternate ground that petitioner had not demonstrated that § 2255 was inadequate or ineffective to test the legality of his detention).

Petitioner's reliance on the savings clause is misplaced. Petitioner cannot satisfy part (2) of the Jones test because his Santos claim was available to him in his first § 2255 proceeding. Petitioner raised a Santos-based ineffective assistance of counsel claim in his § 2255 petition and it was denied on the merits. Although Fourth Circuit case law at the time restricted Santos claims to illegal gambling offenses, the Court assumed for the sake of argument that Santos applies to

---

³ https://www.bop.gov/inmateloc/. See Fed. R. Ev. 201. Petitioner's home confinement satisfies § 2241(c)'s "in custody" requirement. See generally Maleng v. Cook, 490 U.S. 488, 491 (1989) (holding that a prisoner who had been placed on parole was still "in custody" for purposes of § 2241).

mortgage fraud offenses and found that Petitioner's Santos claim was meritless. Petitioner subsequently attempted to raise his Santos and Cloud claims in several 2241 proceedings in the Fourth and Sixth Circuits and relief was denied because Petitioner could not satisfy the savings clause and because the factual findings in the § 2255 order determined that no Santos error occurred. Petitioner had an unobstructed opportunity to present his Santos claim and his ineffective assistance claim was denied on the merits. See Rice, 617 F.3d at 807. He has also previously sought to present his Santos and Cloud claims in the § 2241 context and those efforts were denied on procedural grounds and on the merits. 28 U.S.C. § 2241(a); McLean, 2014 WL 4954882, at *2 (dismissing as successive Petitioner's second § 2241 petition in South Carolina district court in which he raised essentially the same Santos and Cloud claims that he raised in his § 2241 appeal before the Sixth Circuit). Petitioner seeks to take yet another bite at the apple under the savings clause, but Section 2241 may not be used in this manner. Id.

Because the savings clause does not apply, the instant petition is a successive § 2255 motion to vacate for which the Fourth Circuit has denied authorization under § 2255(h). The instant petition will therefore be dismissed for lack of jurisdiction. Rice, 617 F.3d at 807.

### III. CONCLUSION

For the reasons stated herein, the instant § 2241 Petition will be dismissed as an unauthorized, successive § 2255 Motion to Vacate over which the Court lacks jurisdiction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2241 Petition is an unauthorized second or successive § 2255 Motion to Vacate and is **DISMISSED** for lack of jurisdiction.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of

8

Case 3:20-cv-00439-MOC   Document 2   Filed 08/28/20   Page 8 of 9

appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

3. The Clerk is instructed to close this case.

Signed: August 27, 2020

Max O. Cogburn Jr
United States District Judge